### MALONE, Plaintiff-Appellee, v. WHITE, a. k. a. MALONE, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3889. Decided April 4, 1957.

Ralph R. Miller, Youngstown, for plaintiff-appellee.
John H. Davidson, Jr., Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant married Charlie White in Virginia on December 24, 1919. Charlie White is living and defendant has not been divorced from him.

On June 29, 1941, defendant was a party to a marriage solemnized at

Baltimore between her and plaintiff. This marriage on February 8, 1956, was dissolved by the Court of Common Pleas, Division of Domestic Relations, in Mahoning County on the ground that defendant had a living husband.

In July 1947 plaintiff purchased real estate in Mahoning County, title to which he placed in defendant's name because she said to him "'I'm your wife. You don't have anything in my name. I think you should put this in my name.' That's why it was in there."

Learning on January 25, 1955, that defendant was the wife of Charlie White, which she denied, plaintiff sued defendant in the court of common pleas praying:—

"* * * the court to find and order that said Maggie D. White, also known as Maggie D. Malone, holds said property upon a constructive trust for the sole and exclusive benefit of this plaintiff, and to order said defendant to execute said trust and transfer, turn over and deliver to this plaintiff said property and to do such things as are necessary to enable plaintiff to receive the benefits rightfully his in said property and for an order granting this plaintiff such other and further relief as the court deems just and equitable in the premises."

The trial judge ordered defendant, Maggie D. Malone, to hold the real estate in controversy "upon a constructive trust for the sole and exclusive benefit of the plaintiff, Samuel L. Malone, and the said defendant is hereby ordered and directed to transfer and deliver the said property to the plaintiff by proper instrument of conveyance; and upon failure of the defendant so to do within thirty days from the filing of this entry, the Clerk of this Court is hereby authorized and directed to file with the Auditor and Recorder of Mahoning County for transfer and record a copy of the order of the court herein in lieu of said conveyance."

Upon subsequent hearing the trial judge ordered a deed "executed and deposited with the clerk of court to abide the judgment of the appellate court, instead of a supersedeas bond."

Defendant appealed to this court on questions of law and fact from the judgment of the trial court, and the appeal was submitted to us upon a transcript of the record made in the trial court.

In this case, in which the facts speak so loudly and plainly, we shall assign no lengthy reasons for our finding, which is the same as that made in the court of common pleas.

It is clear to us that plaintiff purchased the disputed property as an investment; that title thereto was placed in defendant because of her misrepresentation as to her marital status and not as a gift to her and in good faith, and not to place it beyond the reach of his creditors as charged.

While the matter of a mandatory injunction to require defendant to transfer the disputed property to plaintiff was raised in the Court of Common Pleas, Division of Domestic Relations, it was withdrawn from the consideration of that court without being litigated because defendant was not present in the divorce hearing and available for cross-examination, and because the action for mandatory injunction and the action

for divorce were not properly joined; and because counsel believed that court could not make a distribution of property because the marriage between the parties was void because of defendant's living husband.

The action we review is an action in equity for the impressing of a trust on property obtained by fraud.

The trial judge in his opinion said:—

"In the case of **Taylor v. Monroe, 158 Oh St 266, 273,** the court said: 'In an action upon a different cause of action from that involved in a prior action between the same parties, the judgment in such prior action will operate as an adjudication between the parties only as to the points or questions actually litigated and determined or which must necessarily have been determined in order to support that judgment; and not as to other matters which might have been litigated and determined.' See **23 O. Jur., 'Judgments,' pg. 981, Section 749.".**

The action we review was in no sense a readjudication of the action for divorce filed in the Court of Common Pleas, Division of Domestic Relations, as urged, and we so hold.

Finding and decree for the plaintiff as in the court of common pleas, and for the same reasons.

NICHOLS, PJ, GRIFFITH, J, concur.